UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RAUL ORDONEZ<br><br>Plaintiff,<br><br>v.<br><br>TROPICAL CAFE & MARKET #2 and<br>LORENZO TORANZO<br><br>Defendants | Case No.: |

### - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff RAUL ORDONEZ by and through the undersigned counsel, hereby files this Complaint against the above named Defendants, TROPICAL CAFE & MARKET #2 and LORENZO TORANZO.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff RAUL ORDONEZ, (hereafter "Plaintiff") against his former employers, Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and to recover unpaid wages.

2. During the term of Plaintiff's employment for Defendants, Plaintiff performed work for Defendants in excess of forty hours in a workweek for which he was not compensated at one and a half times the regular rate of pay.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5. Plaintiff, RAUL ORDONEZ, a resident of Hillsborough County, was a former employee of Defendants who worked at TROPICAL CAFE & MARKET.

6. Plaintiff, RAUL ORDONEZ, is an employee as defined by the laws under which this action is brought.

7. Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO are employers as defined by the laws under which this action is brought.

8. Upon information and belief, Defendant LORENZO TORANZO owns and operates TROPICAL CAFE & MARKET.

9. Defendant TROPICAL CAFE & MARKET #2 is a corporation organized and existing under and by virtue of the laws of Florida.

10. Defendant LORENZO TORANZO is an individual resident of the State of Florida, who owned and/or operated TROPICAL CAFE & MARKET and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired and fired employees; d) established employee work schedules; e) controlled terms of employment; f) had the authority to set employee wages (and set Plaintiff's wages), and g) at times, supervised Plaintiff.

**COVERAGE**

11. Defendant TROPICAL CAFE & MARKET #2 was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant TROPICAL CAFE & MARKET #2 was engaged in the grocery and food industry, and was thus engaged in interstate commerce, *inter alia*, by working on or otherwise handling goods moving in interstate commerce, and purchasing food and supplies manufactured outside the state of Florida, which cross state lines in the flow of commerce.

13. Defendant TROPICAL CAFE & MARKET #2 sells food, meat, and products in the stream of commerce and accepts payment from customers through credit cards and checks from banks located outside the state of Florida.

14. Upon information and belief, Defendant TROPICAL CAFE & MARKET #2 annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Defendant TROPICAL CAFE & MARKET #2 was an employer within the definition of the FLSA, 29 U.S.C. § 203.

16. Defendant LORENZO TORANZO was an employer within the definition of the FLSA.

17. During the term of his employment, Plaintiff RAUL ORDONEZ was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

18. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

19. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

20. Plaintiff RAUL ORDONEZ was employed by Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO from January 2017 to March 2018.

21. Plaintiff held a butcher position at the time of separation.

22. Plaintiff was a salaried employee and was paid $600-$650, weekly.

23. During his employment with Defendants, Plaintiff was non-exempt.

24. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

26. Plaintiff was paid a fixed salary, regardless of the hours worked.

27. Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

28. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

29. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

30. Defendants' actions set forth above also constitute a violation of the time-keeping requirements set forth by the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff RAUL ORDONEZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

32. Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

33. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff RAUL ORDONEZ is entitled to damages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW

35. Plaintiff RAUL ORDONEZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

36. During the period of his employment, Plaintiff RAUL ORDONEZ performed work for Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO and Defendantw agreed to compensate Plaintiff for all hours worked.

37. Defendants failed and refused to compensate Plaintiff all wages owed by not fully compensating all hours worked.

38. As a result of the foregoing, Plaintiff RAUL ORDONEZ has suffered damages and has incurred in attorneys' fees and costs.

39. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAUL ORDONEZ respectfully requests judgement against Defendants TROPICAL CAFE & MARKET #2 and LORENZO TORANZO, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);
b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);
c. Pre-judgment interest;
d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);
e. Plaintiff's unpaid wages pursuant to Florida Common Law;
f. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;
g. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

40. Plaintiff requests a jury trial to the extent authorized by law.

Dated: Friday, March 26th, 2018.              Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com

s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff
amadeo@wagesdue.com