UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RAUL ORDONEZ,<br><br>        Plaintiff,<br><br>v.<br><br>TROPICAL CAFE & MARKET #2 and<br>LORENZO TORANZO,<br><br>        Defendants. | CASE NO. 8:18-cv-00727-VMC-TGW |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND DISMISS THE CASE WITH PREJUDICE**

Plaintiff Raul Ordonez ("Plaintiff") and Defendants Tropical Café & Market #2 and Lorenzo Toranzo, ("Defendants"), (collectively, the "Parties") by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state the following in support thereof:

1. Plaintiff filed suit against Defendants alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Florida common law by failing to pay him overtime wages. Defendants deny all liability and maintain that Plaintiff was paid all wages owed.

2. The Parties settled this matter. In settling this matter, the Parties considered the fact that there were contested issues in the case. Plaintiff claims that Defendants failed to pay him for overtime hours he worked. Defendants claim that they properly paid Plaintiff for all the hours he worked.

3. The Parties understand settlement avoids the risk inherent in any litigation and gives certainty to the outcome of this litigation for all parties involved. Parties agreed to settle

1

for $7,400 (which includes both wages and liquidated damages) in resolution of Plaintiff's disputed overtime and unpaid wage claim. Plaintiff will be responsible for any tax payment due from his amount. As reflected in the Settlement Agreement, the parties also separately negotiated an additional payment of attorneys' fees and costs to Plaintiff's counsel.

4. The Parties' Settlement Agreement is attached as **Exhibit A**. That Parties submit that the settlement is a reasonable compromise of Plaintiff's alleged claims.

5. The amount paid to Plaintiff is negotiated separately of attorney's fees being paid. Plaintiff and Defendants separately negotiated the amount of Plaintiff's attorney's fees. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (holding that with respect to attorneys' fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff").

6. This matter has not been certified as a collective action and no other individuals have attempted to join this lawsuit.

7. All parties to this action are seeking Court approval of the settlement.

## MEMORANDUM OF LAW

**I.   Legal Standard**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the

settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

**II.     Analysis**

Defendants clearly dispute Plaintiff's claims and whether he is entitled to any recovery at all.  All parties have been represented by experienced employment counsel throughout this litigation.  The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the parties or counsel for the parties.  The Parties' respective attorneys, who are experienced in employment law, have zealously represented their clients' interests since the commencement of this litigation.  The Agreement guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the parties engage in discovery, dispositive motions, a trial and possible appeal.  The Settlement Agreement further allows the parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

The Parties are satisfied and jointly represent to the Court that the Agreement fairly resolves the dispute between them in the instant action regarding Plaintiff's claim for allegedly unpaid wages under the FLSA. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  Here, Plaintiff represents that the settlement fairly and reasonably compensates Plaintiff for his alleged claims against Defendants.  In addition, the attorney's fees and costs portion of the settlement was negotiated separately so that it did not compromise Plaintiff's recovery.  *See Bonetti*, 715 F. Supp. 2d at 1222.  The Parties stipulate to the dismissal with prejudice of the instant action upon

court approval. Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc*. at 1354.

## **CONCLUSION**

WHEREFORE, Plaintiff, Raul Ordonez, and Defendants, Tropical Café & Market #2 and Lorenzo Toranzo, jointly move this Court to approve the Settlement Agreement attached hereto as **Exhibit A** and to dismiss the case with prejudice.

Respectfully submitted this 08th day of June, 2018.


/s/ Cynthia M. Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
cynthia@wagesdue.com

Cynthia Gonzalez, P.A.

4023 North Armenia Ave., Suite 240
Tampa, FL 33607
Telephone:  (813) 333-1322
Facsimile:  (866) 593-6771

Attorneys for Plaintiff

/s/ Edward B. Carlstedt
Edward B. Carlstedt
Florida Bar No. 0136972
ecarlstedt@fordharrison.com
David M. Kalteux
Florida Bar No. 0118746
dkalteux@fordharrison.com

FORDHARRISON LLP

101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone:  (813) 261-7800
Facsimile:  (813) 261-7899

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 08th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Cynthia M. Gonzalez, Esq.
Cynthia Gonzalez, P.A.
4023 North Armenia Ave., Suite 240
Tampa, FL 33607
cynthia@wagesdue.com

/s/ Edward B. Carlstedt
Attorney

WSACTIVELLP:9840034.1