UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL ORDONEZ,

    Plaintiff,

v.

TROPICAL CAFE & MARKET #2 and
LORENZO TORANZO,

    Defendants.

CASE NO. 8:18-cv-00727-VMC-TGW

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Raul Ordonez ("Plaintiff" or "Ordonez") and Defendants Tropical Café & Market #2 ("TCM") and Lorenzo Toranzo ("Toranzo") (collectively, "Defendants"). Plaintiff and Defendants are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

    1.    **Claims.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Tampa Division, titled *Raul Ordonez v. Tropical Café & Market #2 and Lorenzo Toranzo*, alleging unpaid wages under the Fair Labor Standards Act ("FLSA") and Florida common law. The Parties disagree as to whether or not Plaintiff has any viable claim, but after discussing the merits of the case, the Parties were able to reach a settlement. The Parties desire to fully and finally resolve this litigation and have reached a settlement that is a compromise of a disputed amount.

    2.    **No Admission of Liability.** This Agreement does not constitute an admission by Defendants of a violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendants.

    3.    **Monetary Consideration.** Within ten (10) days after: (i) Defendants receive this executed Agreement from Plaintiff; (ii) the Court approves this Agreement and dismisses this action with prejudice; and (iii) Defendants' receives a form W-9 from Cynthia Gonzalez P.A., Defendants will mail to Plaintiff's counsel settlement checks as follows:

(a) One settlement check made payable to Plaintiff in the amount of SEVEN THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($7,400.00), in settlement of Plaintiff's claim for alleged back wages under the FLSA and Florida common law, as well as Plaintiff's alleged liquidated damages under the FLSA. Plaintiff shall be responsible for any and all tax consequences associated with this payment.

Exhibit A

Jun 08 18, 03:33p

TIME RECEIVED June 8, 2018 3:16:04 PM EDT REMOTE CSID DURATION 227 PAGES 5 STATUS Received

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

p.1

(b) One check made payable to Cynthia Gonzalez P.A., for attorneys' fees and costs, in the amount of THREE THOUSAND TWO HUNDRED SIXTY-FIVE DOLLARS AND ZERO CENTS ($3,265.00), of which $2800 represents attorneys' fees, and $465 represents the filing and service of process fees Plaintiff's counsel incurred. Defendants shall issue a 1099 in connection with this payment.

The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for overtime compensation under the FLSA and Florida common law.

4. **Waiver and Release of FLSA Claims.** With the exception of any pending claims by Plaintiff for workers' compensation benefits available under Fla. State. Chapter 440, Plaintiff hereby releases, Toranzo, TCM and its predecessors and successors in interest, assignees, parents, subsidiaries, divisions, and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives in their individual and official capacities, and their heirs and legal representatives (collectively referred to as "Released Parties"), of and from, any and all claims under the FLSA, Florida common law, or any other wage-related statute arising out of Plaintiff's alleged employment with Defendants.

5. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the Parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of any and all sums paid by Defendants hereunder.

6. **Tax Liability.** Plaintiff shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that he is not relying on any representation made by Released Parties, by the Released Parties' counsel, or by any person or entity related to the Released Parties, concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that he/it may be required to pay as a result of the payment(s). Plaintiff agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify and hold the Released Parties harmless from and against any liability for any amounts determined by any taxing authority to be owed by the Released Parties on account of the payment made in this agreement, or on account of Plaintiff's failure to pay taxes he/it may owe as result of the payment. This indemnification shall also apply to any penalty, interest or other sums, including attorney's fees and costs, which the Released Parties shall incur or owe in connection with or as a result of any such taxes.

7. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not

assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Released Parties harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both Parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that he has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language and/or translation of the Agreement, and any questions he may have had during review of the Agreement have been explained to his satisfaction and understanding. Plaintiff understands that he is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of his own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of his own choosing regarding this matter prior to the execution of the Agreement.

10. **Plaintiff is Not Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose.

11. **Breach.** The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

12. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendants prior to the Court's approval of this agreement.

13. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

14. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is

enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being a resident of Hillsborough County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Hillsborough County, Florida.

16. **Neutral Reference.** If a prospective employer contacts TCM or Toranzo regarding Plaintiff, TCM and Toranzo will limit the reference to neutral information (only dates of employment and position(s) held will be provided).

17. **Non-Disparagement.** Other than providing truthful testimony as may be compelled by a court of competent jurisdiction, Plaintiff agrees that he shall not in any way disparage or speak negatively about the Released Parties through any media or to any person or entity or through any other means whatsoever. The obligations of Plaintiff under this paragraph include, but are not limited to, refraining from making any disparaging, degrading or demeaning remarks, or casting any aspersions on the Released Parties, which might have a harmful effect on their reputation. TCM and Toranzo agree that they shall not in any way disparage Plaintiff to outside third parties.

18. **Medicare.** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiff will indemnify, defend and hold Defendants and Released Parties harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from Defendants relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiff's alleged injuries, claims or lawsuit, Plaintiff will defend and indemnify Defendants, and hold Defendants harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.** Traducido por Cilhia

_____
Raúl Ordonez

Date: 06/07/18


Tropical Café & Market #2

By [Print Name and Position]: LORENZO TORANZO (pres)

Date: 6/7/18

Sign: _____

Lorenzo Toranzo

Date: 6/7/18

WSACTIVELLP:9814257.1