```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

RAUL ORDONEZ,

      Plaintiff,
v.                                  Case No. 8:18-cv-727-T-33TGW

TROPICAL CAFÉ & MARKET #2 and
LORENZO TORANZO,

      Defendants.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 24), which was filed on June 8, 2018. The Court grants the Motion.

**I.   Background**

Plaintiff filed this Fair Labor Standards Act case on March 27, 2018. (Doc. # 1). On April 19, 2018, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 9). Defendants filed an Answer (Doc. # 19) on May 7, 2018. On May 15, 2018, prior to the scheduled mediation, the case settled. (Doc. # 13). At the Court's direction, the parties have filed a Motion for Court approval of their settlement. (Doc. # 24).

**II.  Analysis**

Plaintiff alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any

settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive a total of $7,400.00 for all unpaid wages and liquidated damages. It has also been agreed that Plaintiff's counsel will receive $3,265.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff for alleged FLSA violations. Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 24) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE